IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

SUNDARI K. PRASAD,

    Plaintiff,

v.                                                              Civil Action No. 3:17CV204

HAMPTON CIRCUIT COURT, *et al.*,

    Defendant.

## MEMORANDUM OPINION

Sundari K. Prasad, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action.[1] The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

### I. Preliminary Review

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). The first standard includes claims based upon "an indisputably meritless legal theory," or claims where the "factual contentions are clearly baseless." *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting

---

[1] The statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

*Neitzke v. Williams*, 490 U.S. 319, 327 (1989)), *aff'd*, 36 F.3d 1091 (4th Cir. 1994). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it will not act as the inmate's advocate and develop, *sua sponte*, statutory and constitutional claims that the inmate failed to clearly raise on the face of his or her complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. Prasad's Complaint

By Memorandum Order entered on October 17, 2017, the Court directed Prasad to file a particularized complaint. (ECF No. 14.) Prasad complied with that order. (ECF No. 16.) Thereafter, Prasad filed an Amended Particularized Complaint ("Complaint," ECF No. 19).[2] As an initial matter, the Court notes that Prasad's Complaint is comprised of seventeen pages of rambling allegations and 220 pages of attached exhibits consisting of additional ramblings and copies of court documents, correspondence, and statutes. Further, in many instances, Prasad's Complaint and the attached exhibits are not legible. The Court makes its best attempt to decipher words and recites the most relevant factual information for each Defendant.

---

[2] The Court employs the pagination assigned by the CM/ECF docketing system to Prasad's submissions.

Prasad is currently detained pending her trial in the Circuit Court for the City of Hampton, Virginia. Prasad alleges that the named Defendants[3] discriminated against her and violated her various constitutional rights during her detention and ongoing criminal proceedings, and during a previous family law matter in which she was involved. (Compl. 10–16). Prasad requests, *inter alia*, "attorney's fees and costs, and such additional relief as the Court may deem just and proper," and "declaratory relief of all violations and injunctive relief as well on all parties." (*Id.* at 17.)

### III. Analysis

It is both unnecessary and inappropriate to engage in an extended discussion of Prasad's theories for relief. *See Cochran v. Morris*, 73 F.3d 1310, 1315 (4th Cir. 1996) (emphasizing that "abbreviated treatment" is consistent with Congress's vision for the disposition of frivolous or "insubstantial claims" (citing *Neitzke v. Williams*, 490 U.S. 319, 324 (1989))). Ultimately, Prasad's Complaint will be dismissed for failing to state a claim under Federal Rule of Civil Procedure 12(b)(6) and as legally frivolous.

#### A. Judicial Immunity

Prasad contends that Hampton Juvenile and Domestic Relations Court Judge Deborah Roe, Hampton General District Court Judge Patrick, and Hampton Circuit Court Judge Hutton violated her constitutional rights and her rights under the Americans with Disabilities Act ("ADA"). (Compl. 3–4, 8, 10, 13.)

---

[3] The Defendants named in the caption of Prasad's Complaint are: the Hampton Circuit Court; Hampton Juvenile and Domestic Relations Court Judge Deborah Roe; Hampton General District Court Judge Patrick; Hampton Circuit Court Judge Hutton; Circuit Court Clerk Elizabeth Wickline; attorney A.M. Cavanaugh; attorney Shakita Massey-Taylor; attorney Tyrone Johnson; attorney Thomas Burcher; Hamilton L. Hendrix; Monica L. Vick; David A. Carpenter; Jonathon D. Headlee; Jane "Justice;" and Sean A. Karn. (Compl. 2–9.) Prasad also names as a Defendant "John 'Jay' 'Jim Schezlich' Marshall Henry 'Haus of Henna'" in the section of her Complaint that she titled "Parties." (*Id.* at 7.)

Judges are absolutely immune from suits under § 1983 for acts committed within their judicial discretion. *Stump v. Sparkman*, 435 U.S. 349, 355–56 (1978). "Absolute judicial immunity exists 'because it is recognized that judicial officers in whom discretion is entrusted must be able to exercise discretion vigorously and effectively, without apprehension that they will be subjected to burdensome and vexatious litigation.'" *Lesane v. Spencer*, No. 3:09CV012, 2009 WL 4730716, at *2 (E.D. Va. Dec. 8, 2009) (citations omitted) (quoting *McCray v. Maryland*, 456 F.2d 1, 3 (4th Cir. 1972), *overruled on other grounds*, *Pink v. Lester*, 52 F.3d 73, 77 (4th Cir. 1995)). A judge is entitled to immunity even if "the action he [or she] took was in error, was done maliciously, or was in excess of his [or her] authority." *Stump*, 435 U.S. at 356. Only two exceptions apply to judicial immunity: (1) nonjudicial actions; and (2) those actions "though judicial in nature, taken in complete absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991) (citation omitted). Neither exception applies in this instance.

Prasad alleges that Hampton Juvenile and Domestic Relations Court Judge Deborah Roe, Hampton General District Court Judge Patrick, and Hampton Circuit Court Judge Hutton violated her constitutional rights and her rights under the ADA. Specifically, Prasad alleges that Hampton Juvenile and Domestic Relations Court Judge Deborah Roe "did not perform due diligence" during a custody case she presided over, and "gave Hendrix a protective order that removed visitation from . . . Prasad." (Compl. 3.) Prasad further alleges that Hampton General District Court Judge Patrick "dealt with warrants in debt that were not processed properly," (*id.* at 8), and that Hampton Circuit Court Judge Hutton "was actually asked via affidavit . . . to leave bench but never read the order and was also sent various petitions for writs of mandamus . . . but he . . . refused to read any of them." (*Id.* at 3–4.)

5

Prasad fails to allege that Judge Roe, Judge Patrick, and Judge Hutton's conduct falls under either exception to judicial immunity. Prasad does not allege that their conduct amounted to a nonjudicial action or that any of these Defendants acted in the complete absence of all jurisdiction. Rather, Prasad complains about their judicial actions that were unfavorable to her. Because Judge Roe, Judge Patrick, and Judge Hutton are entitled to judicial immunity, Prasad's claims against these three Defendants will be DISMISSED.

### B. Quasi-Judicial Immunity

#### 1. Court Clerk

Judicial immunity also applies to quasi-judicial officers acting pursuant to court directives. *See Butler v. Johnson*, No. 1:07cv1196 (GBL/TRJ), 2007 WL 4376135, at *3 (E.D. Va. Dec. 12, 2007) (citing *Lockhart v. Hoenstine*, 411 F.2d 455, 460 (3d Cir. 1969)). "[Q]uasi-judicial" immunity shields court officers from the "danger that disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly, will vent their wrath on clerks, court reporters, and other judicial adjuncts." *Kincaid v. Vail*, 969 F.2d 594, 601 (7th Cir. 1992) (quoting *Scruggs v. Moellering*, 870 F.2d 376, 377 (7th Cir. 1989)); *see McCray v. Maryland*, 456 F.2d 1, 5 n.11 (4th Cir. 1972) (holding that clerks have "derivative immunity" when they act under the direction of the court). Clerks are entitled to quasi-judicial immunity when they perform "judicial act[s] . . . having an integral relationship with the judicial process." *Wymore v. Green*, 245 F. App'x 780, 783 (10th Cir. 2007) (alteration in original) (citation omitted) (internal quotation marks omitted).

In her Complaint, Prasad lists Elizabeth Wickline, Court Clerk, as a Defendant (Compl. 2, 4), and alleges "[Prasad] put in Complaint to court that was ignored by Court [and] Elizabeth Wickline." (*Id.* at 11.) In her previous complaint, Prasad faulted Wickline for "allow[ing] . . . a

6

murder [and] assault [and] battery charge to be indicted against [Prasad]," and because Wickline "signed [the] Grand Jury indictment." (ECF No. 16, at 4.) As a preliminary matter, Prasad's former and current Complaint fail to allege that Defendant Wickline had any role in Prasad's indictment, other than signing the form for the court. Further, to the extent that Prasad seeks to hold Wickline liable, Prasad fails to allege that Defendant Wickline's actions fall outside of her judicially mandated duties. Thus, she is immune from suit. *See, e.g., Wymore*, 245 F. App'x at 783 (finding clerk entitled to quasi-judicial immunity when refusing to file inmate's court documents); *Hutcherson v. Priest*, No. 7:10–CV–00060, 2010 WL 723629, at *3 (W.D. Va. Feb. 26, 2010); *Butler*, 2007 WL 4376135, at *3. Accordingly, Prasad's claims against Defendant Wickline will be DISMISSED.

### 2. Commonwealth Attorney

Prasad also names Shakita Massey-Taylor, "the Commonwealth Attorney . . . that did not practice due diligence in taking case at all." (Compl. 4.) Prasad alleges that,

> Proof was submitted to court and to Supreme Court via petitions for writs of prohibition and mandamus that should have had case dismissed due to various issues of false paperwork, sexual abuse of jail, etc. police report with "threaten to kill." All of this is due diligence violations of . . . Shakita Massey-Taylor.

(*Id.* at 12–13 (internal paragraph number omitted).) To the extent that Prasad seeks to hold Taylor liable for monetary and injunctive relief, Massey-Taylor is immune from suit.

Prosecutorial immunity bars Prasad's claims against Massey-Taylor for monetary damages. *See Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). Prosecutorial immunity extends to actions taken while performing "the traditional functions of an advocate," *Kalina v. Fletcher*, 522 U.S. 118, 131 (1997) (citations omitted), as well as functions that are "intimately associated with the judicial phase of the criminal process." *Imbler*, 424 U.S. at 430. To ascertain whether a specific action falls within the ambit of protected conduct, courts employ a functional approach,

7

distinguishing acts of advocacy from administrative duties and investigative tasks unrelated "to an advocate's preparation for the initiation of a prosecution or for judicial proceedings." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993) (citation omitted); *Carter v. Burch*, 34 F.3d 257, 261–63 (4th Cir. 1994). Absolute immunity protects those "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his [or her] role as an advocate for the State." *Buckley*, 509 U.S. at 273.

In her Complaint, Prasad seemingly faults Massey-Taylor for opposing various "petitions for writs of prohibition and mandamus" filed by Prasad to have her case dismissed. (Compl. 12.) Prasad fails to allege, however, that Massey-Taylor's actions in her pending criminal proceedings were taken outside Massey-Taylor's role as advocate for the Commonwealth. *See Imbler*, 424 U.S. at 430 (holding that prosecutorial immunity extends to prosecutor's actions "in initiating a prosecution and in presenting the State's case"). Therefore, Prasad's claims for damages against Defendant Massey-Taylor will be DISMISSED.

Moreover, given the frivolous nature of Prasad's claims, Prasad states no basis for injunctive relief against Defendant Massey-Taylor. *See* 28 U.S.C. § 1915A(b)(1). Accordingly, Prasad's claims for injunctive relief against Defendant Massey-Taylor will also be DISMISSED.

### C. Persons Not Amenable to Suit Under § 1983

#### 1. The Hampton Circuit Court

Prasad has named the Hampton Circuit Court as a Defendant. However, in order to state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the United States. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998) (citing 42 U.S.C. § 1983). Neither "inanimate objects such as buildings,

8

facilities, and grounds" nor collective terms such as "staff" or "agency" are persons amenable to suit under § 1983. *Lamb v. Library People Them*, No. 3:13-8-CMC-BHH, 2013 WL 526887, at *2-3 (D.S.C. Jan. 22, 2013) (citations omitted) (internal quotations omitted) (explaining the plaintiff's "use of the collective term 'people them' as a means to name a defendant in a § 1983 claim does not adequately name a 'person'"); *see Preval v. Reno*, No. 99-6950, 2000 WL 20591, at *1 (4th Cir. Jan. 13, 2000) (citations omitted) (affirming district court's determination that Piedmont Regional Jail is not a "person" under § 1983). Thus, the Hampton Circuit Court is not a person amenable to suit under 42 U.S.C. § 1983. *See Oliva v. Boyer*, 163 F.3d 599, 599 (4th Cir. 1998) (concluding "the Defendant court system" is not a person amendable to suit under 42 U.S.C. § 1983). Accordingly, Prasad's claims against the Hampton Circuit Court will be DISMISSED.

### 2. Defense Attorneys

Prasad complains about the various attorneys who have represented her throughout her pre-trial detention. (Compl. 2-5.) In particular, Prasad faults Thomas Burcher, "an attorney that was assigned by Judge Hutton," (*id.* at 9), A.M. Cavanaugh, a "court appointed attorney after Thomas Burcher," (*id.* at 4), and Tyrone Johnson, "the attorney that was hired after A.M. Cavanaugh was fired by" Prasad. (*Id.*)

However, private attorneys and public defenders do not act under color of state or federal authority when they represent defendants in criminal proceedings. *See, e.g., Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); *Cox v. Hellerstein*, 685 F.2d 1098, 1099 (9th Cir. 1982) (holding that private

attorneys do not act under color of state or federal law when representing clients). Therefore, Prasad's claims against Defendants Burcher, Cavanaugh and Johnson will be DISMISSED.

### D. Prasad Has Failed to State a Claim against Hendrix, Vick, Carpenter, Headlee, Jane "Justice," Karn, and "John 'Jay' 'Jim Schezlich' Marshall Henry 'Haus of Henna'"

Finally, Prasad has listed as defendants Hamilton L. Hendrix, Monica L. Vick, David A. Carpenter, Jonathon D. Headlee, Jane "Justice," Sean A. Karn, and "John 'Jay' 'Jim Schezlich' Marshall Henry 'Haus of Henna.'" (Compl. 4–8.) Prasad has identified Hendrix as her "ex boyfriend, drug dealer and addict, rapist and alcoholic" (*id.* at 8), and Vick as a "stripper at the Cat Club in Newport News, Va." (*Id.* at 5.) Prasad further identifies Karn as "a Hampton Roads tattoo artist and [Prasad's] former boyfriend" (*id.* at 5), Headlee as a "paranoid schizophrenic, serial rapist, antisocial, borderline personality disorder ex boyfriend of" hers (*id.* at 6), and "John 'Jay' 'Jim Schezlich' Marshall Henry 'Haus of Henna'" as her "ex boyfriend" whose "father is in 'exile' in Mexico." (*Id.* at 7.) Finally, although Prasad does not individually identify Carpenter in her list of parties, she does identify Jane "Justice" as "David A. Carpenter's ex wife possibly and girlfriend." (*Id.* at 6.)[4]

Prasad's allegations fail to plausibly suggest that Defendants Hendrix, Vick, Carpenter, Headlee, Jane "Justice," Karn, and "John 'Jay' 'Jim Schezlich' Marshall Henry 'Haus of Henna'" acted under color of state law. Therefore, these Defendants are not state actors amenable to suit under § 1983. *See Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999)

---

[4] Prasad has repeatedly named the same defendants in the forty-plus civil suits she has filed in this Court, and she has named Carpenter as a defendant in at least three of those civil suits: *Prasad v. Flynt*, No. 3:16CV899 (E.D. Va. filed May 25, 2017), ECF No. 12; *Prasad v. Vick*, No. 3:16CV40 (E.D. Va. filed Oct. 28, 2016), ECF No. 69; and, *Prasad v. Wells Fargo*, No. 3:17CV76 (E.D. Va. filed June 21, 2017), ECF No. 10. In *Prasad v. Flynt*, Prasad identified Carpenter as her "ex boyfriend." Part. Compl. 2, *Prasad v. Flynt*, No. 3:16CV899 (E.D. Va. filed May 25, 2017), ECF No. 12.

("[T]he under-color-of-state-law element of § 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful.'" (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982))). Accordingly, her claims against Hendrix, Vick, Carpenter, Headlee, Jane "Justice," Karn, and "John 'Jay' 'Jim Schezlich' Marshall Henry 'Haus of Henna'" will be DISMISSED for failure to state a claim and as legally frivolous.[5]

### IV. Conclusion

For the foregoing reasons, Prasad's claims will be DISMISSED for failure to state a claim and as legally frivolous. The action will be DISMISSED. The Clerk will be DIRECTED to note the disposition of the action for the purposes of 28 U.S.C. § 1915(g).

An appropriate Order will accompany this Memorandum Opinion.

/s/ M. Hannah Lauck
United States District Judge

Date: MAY 3 1 2018
Richmond, Virginia

---

[5] Given Prasad's litigation history, and because of the frivolous and malicious nature of her claims, the Court will dismiss these claims and the action WITH PREJUDICE. *See Cain v. Virginia*, 982 F. Supp. 1132, 1136 (E.D. Va. 1997).

11