IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



SUNDARI K. PRASAD,

    Plaintiff,

v.                                                                        Civil Action No. **3:17CV204**

HAMPTON CIRCUIT COURT, *et al.*,

    Defendant.

## **MEMORANDUM OPINION**

Sundari K. Prasad, a Virginia inmate proceeding *pro se*, filed this civil rights action. By Memorandum Opinion and Order entered on May 31, 2018, the Court dismissed the action as legally frivolous and for failure to state claim. (*See* ECF Nos. 21, 22.) The matter is now before the Court on Prasad's "Petition for Rehearing" that will be construed as a motion under Federal Rule of Civil Procedure 59(e) ("Rule 59(e) Motion," ECF No. 23).[1] *See MLC Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 277–78 (4th Cir. 2008) (stating that filings made within twenty-eight days after the entry of judgment are construed as Rule 59(e) motions (citing *Dove v. CODESCO*, 569 F.2d 807, 809 (4th Cir. 1978))).

"[R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (citation omitted) (internal quotation marks omitted). The United States Court of Appeals for the Fourth Circuit recognizes three grounds for relief under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d

---

[1] The Court employs the pagination assigned to Prasad's Rule 59(e) Motion by the CM/ECF docketing system.

1076, 1081 (4th Cir. 1993) (citing *Weyerhaeuser Corp. v. Koppers Co.*, 771 F. Supp. 1406, 1419 (D. Md. 1991); *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990)).

Prasad does not explicitly address any of the above recognized grounds for relief in her Rule 59(e) Motion. Nevertheless, the Court construes Prasad to argue that the Court should grant her Rule 59(e) Motion "to correct a clear error of law or prevent manifest injustice." *Id.* (citations omitted). The Court dismissed the action against Defendants based on judicial immunity, quasi-judicial immunity, prosecutorial immunity, because defense attorneys are not state actors, and because the Hampton Circuit Court and miscellaneous individuals are not amenable to suit under 42 U.S.C. § 1983. Prasad takes issue with these conclusions, but she fails to demonstrate any clear errors in the conclusions of the Court or that the dismissal of the Amended Complaint resulted in manifest injustice. As the Court explained, Prasad simply has no viable cause of action against these Defendants under § 1983 based on her allegations.

In her Rule 59(e) Motion, Prasad first claims that the Court skipped a step and should have allowed her to file a third particularized complaint because of her disability and her many cases pending before the Court. (Rule 59(e) Mot. 1–2.) However, Prasad had several opportunities to file a short, plain statement of her claim, and the Court was not required to provide her endless opportunities to amend. Second, Prasad claims that she did not intend to name the Hampton Circuit Court or several other individuals as Defendants. (*Id.* at 4.) Similarly, Prasad also argues that the Court erred in certain statements of her claims, failed to review all of her arguments, and generally was wrong in its conclusions. However, as the Court explained, "Prasad's [Amended Particularized] Complaint is comprised of seventeen pages of rambling allegations and 220 pages of attached exhibits consisting of additional ramblings and copies of court documents, correspondence, and statutes. Further, in many instances, Prasad's

Complaint and the attached exhibits are not legible." (ECF No. 21, at 3.) The Court liberally construed Prasad's complaint pursuant to its duties under 28 U.S.C. § 1915(e)(2), but Prasad's rambling allegations failed to state a claim and were legally frivolous. Nothing in Prasad's Rule 59(e) Motion convinces the Court that its dismissal of her Amended Particularized Complaint was a clear error of law or that it resulted in manifest injustice.

Accordingly, Prasad's Rule 59(e) Motion (ECF No. 23) will be DENIED.

An appropriate Order shall issue.

/s/
M. Hannah Lauck
United States District Judge

Date: SEP 10 2018
Richmond, Virginia

3